16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Terry Don CAWTHRAY, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3432.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 10, 1994.
Filed: February 14, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Terry Don Cawthray appeals the district court's[1] dismissal of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. We affirm.
 
 
 2
 In June 1992, Cawthray pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g) and 924(e)(1). His presentence report classified him as an armed career criminal and calculated his Guidelines sentencing range at 235 to 293 months. The district court departed downward and sentenced Cawthray to fifteen years in prison, the mandatory minimum sentence under Sec. 924(e)(1) for a violator of Sec. 922(g) who has three prior convictions for violent felonies committed on different occasions. Cawthray did not appeal.
 
 
 3
 In this Sec. 2255 motion, Cawthray argues that his guilty plea was induced by the government's unkept promise that Cawthray's convictions for three separate burglaries in 1984, for which he received concurrent sentences on the same day, would only be counted as one conviction for sentencing purposes. In support, Cawthray submits a pre-guilty plea letter from an Assistant United States Attorney agreeing with defense counsel's contention that the three burglary convictions "may only be counted as 1 conviction."
 
 
 4
 We agree with the district court that this claim is procedurally barred by Cawthray's failure to appeal. Construing his pro se motion liberally to allege ineffective assistance of counsel as cause for this default, Cawthray cannot make the necessary showing of prejudice. Before pleading guilty, Cawthray acknowledged that the court would ultimately determine his sentence and that he might receive a mandatory minimum sentence of fifteen years. After careful review of the record, we conclude that, even if the government had kept its alleged promise to urge the court to treat Cawthray's three 1984 burglary convictions as one for Sec. 924(e)(1) sentencing purposes, the district court would still have sentenced him to no less than fifteen years in prison.
 
 
 5
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendation of The HONORABLE BOBBY E. SHEPHERD, United States Magistrate Judge for the Western District of Arkansas